# 18-30163

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellant,**

**v.**

**JASON WILLIAM CATHCART,**

**Defendant - Appellee.**

On Appeal From The United States District Court
For The Eastern District of Washington
District Court No. 1:16-CR-2044-SAB-1
The Honorable Stanley A. Bastian, United States District Judge

## DEFENDANT - APPELLEE'S "REDACTED" PETITION FOR PANEL REHEARING AND/OR REHEARING *EN BANC*

Jeremy B. Sporn
Federal Defenders of Eastern Washington
& Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920
Email: jeremy_sporn@fd.org
Attorney for Defendant - Appellee

## <u>TABLE OF CONTENTS</u>

Table of Authorities ……………………………………………………….. ii

I. Introduction.......................................................................................1

II. Statement of the Case........................................................................  2

    1. The April 8 Search Warrant and the Facts Surrounding its Issuance …. 2
    2. The Proceedings Below ……………………………………………. 4

III. The Court Should Grant Panel Rehearing, or Rehearing *En Banc* and
Affirm the Order of Suppression  ........................................................... 5

    A. The Ninth Circuit's Approach to the Good Faith Exception................... 5
    B. The Panel's Decision Conflicts with and Misapplies *Needham*...............7
    C. The Panel Decision Conflicts with Decisions of Other Courts of Appeal
       as to Warrant Affidavits Containing Similar or Less Evidence of Child
       Pornography………………................................................... 11

Conclusion......................................................................................14

Certificate of Service.......................................................................16

Certificate of Compliance...................................................................17

Certificate of Related Cases................................................................18

Appendix....................................................................App. 1-2

i

# TABLE OF AUTHORITIES

*Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011) …………………….. 8

*United States v. Doyle*, 650 F.3d 460 (4th Cir. 2011) ………………………. 12, 13

*United States v. Grant*, 682 F.3d 827 (9th Cir. 2012) …………………………… 6

*United States v. Hodson*, 543 F.3d 286 (6th Cir. 2008) ………………………… 12

*United States v. Hove*, 848 F.2d 137 (9th Cir. 1988) ………………………….. 6, 7

*United States v. Leon*, 468 U.S. 897 (1984) …………………….…..………… *passim*

*United States v. Luong*, 470 F.3d 898 (9th Cir. 2006) …………………………… 6

*United States v. Kow*, 58 F.3d 423 (9th Cir. 1995) ……………………………….. 7

*United States v. Needham*, 718 F.3d 1190 (9th Cir. 2013) ……………...…… *passim*

*United States v. Underwood*, 725 F.3d 1076 (9th Cir. 2013) ………………….. 5, 7

*United States v. Weber*, 923 F.2d 1338, 1346 (9th Cir. 1990) ………………… 6, 8

*Virgin Islands v. John*, 654 F.3d 412 (3d Cir. 2011) ………………………... 13, 14

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | U.S.C.A. No. 18-30163 |
| Plaintiff-Appellant, | D.C. No. 16-cr-2044-SAB |
| v. | |
| JASON W. CATHCART, | **Defendant-Appellee's Petition for Panel Rehearing and/or Rehearing _En Banc_** |
| Defendant-Appellee. | |

I. **INTRODUCTION**

On September 5, 2019, a panel of this Court issued an unpublished memorandum [Attached as Appendix 1-2], reversing the district court's order of suppression. In defense counsel's judgment, that memorandum must be withdrawn pursuant to Rules 35(b) and 40 of the Federal Rules of Appellate Procedure and Rules 35-1 and 40-1 of the Ninth Circuit Rules. Rehearing is warranted because the memorandum disposition conflicts irrevocably with this Court's prior decision in _United States v. Needham_, 718 F.3d 1190 (9th Cir. 2013). Further, the decision involves a question of exceptional importance – application of the "good faith" exception to otherwise defective warrants in the context of child molestation and child pornography. It also conflicts with authoritative decisions of other federal courts of appeal that apply the good faith exception in similar situations with contrary results. Consideration by the full court is therefore necessary to secure and maintain uniformity of this Court's decisions, as well as to avoid conflict and tension with other United States Courts of Appeals that have taken up the questions this appeal raises.

## II.   STATEMENT OF THE CASE

### 1.   The April 8 Search Warrant and the Facts Surrounding its Issuance

Jason Cathcart, the appellee, petitions this Court to grant a panel rehearing or, in the alternative, to grant rehearing *en banc*.  This case arose after Mr. Cathcart was discovered ███████████████████████████████████████████████████, in March 2016.  His ██████████████████████████, and he was then arrested after admitting to the molestation in an interview with law enforcement.  In the same interview, he twice denied looking at child pornography.  2 SER[1] 72, 80-81.

Over the next week, the Selah Police Department continued to investigate, culminating in a state search warrant obtained by Selah Police Officer Richard Brumley on April 8, 2016.  2 ER 11-28.  The warrant authorizes the review of numerous electronic devices seized from Mr. Cathcart's residence two days earlier, and for evidence relating to the possession of child pornography, in violation of Washington law.  In addition to recounting the details of the molestation allegations, the affidavit references other things learned during the investigation, including that (1) ████████████████████████████████████████████ ████████████████████; (2) he possessed external hard drives labeled "Photos A" and "Photos B"; and that (3) after being released from local custody, ███████████████

---

[1] "SER" refers to Mr. Cathcart's Supplemental Excerpts of Record, filed in this Court under seal, on March 15 and March 20, 2019.  "2 ER" refers to Volume Two the Government's Sealed Excerpts of Record, also filed under seal on December 7, 2018.

███████████████████████████████████████████████

██████████████████████████████████. 2 ER 15-16.  Mr. Cathcart,

however, worked remotely over the internet maintaining computers for data centers.  2 ER

14; SER 71-73.  Thus, it was not suspicious that he would request access to such devices.

After recounting the investigation and the seizure of the devices, Brumley included a

section in the warrant affidavit entitled "NEXUS," in which he attempts to create probable

cause to search for evidence of child pornography from the limited facts [as to that particular

offense] he mentions earlier in the affidavit.  2 ER 21-23.  The "nexus" section proceeds from

the speculative premise that Mr. Cathcart was looking at, creating or collecting child

pornography, and also seeking to destroy evidence.  It filters the facts through that premise,

in order to make such allegations more plausible.  *See id.*  It states that, in Brumley's

experience, people who molest children often view child pornography, and goes on, without

any real foundational basis, to describe the habits of "modern pedophiles."  *See id.*  Many of

the assertions depend on a form of syllogistic, conditional logic, although the actual facts do

not support the initial premise that Mr. Cathcart was actually looking at or producing child

pornography, much less that he was attempting to destroy or conceal evidence.  *See id.*  It

closes noting how Mr. Cathcart's technical aptitude as to computing would permit him to

conceal child pornography, although, for example, it does not mention why being technically

proficient in computers and/or the internet makes it more likely in the first instance that there

was any contraband to conceal or destroy.  *See id.*

## 2. **The Proceedings Below**

After the forensic review of the seized devices, law enforcement found images

██████████████████████████████████████████, as well as other images of

child pornography.  He was charged in State court with the sexual abuse, and moved to

suppress the images.  The Superior Court granted the motion, and the images recovered from

the electronic search were suppressed.  But because there was still independent evidence of

the sexual abuse, he pleaded guilty and was sentenced to life imprisonment.  The federal

government, meanwhile, had indicted Mr. Cathcart on two counts of producing child

pornography, and one count of possessing child pornography.  After the State proceedings

concluded, Mr. Cathcart was brought to federal court.

He again moved to suppress.  After a hearing at which the government declined to call

witnesses or offer evidence, the district court granted the motion, finding that the operative

search warrant lacked probable cause and that the "good faith" exception to the exclusionary

rule did not apply, consistent with this Court's guidance in *United States v. Needham*, 718

F.3d 1190 (9th Cir. 2013) and other cases.  2 ER 96-111.  In particular, it found that the

affidavit lacked any facts linking Mr. Cathcart's molestation to child pornography, apart from

Brumley's reliance on the inference that child molesters often view child pornography as

well.  2 ER 108-10.  And because reliance on that inference alone does not amount to

probable cause in the Ninth Circuit to search for child pornography, which was clearly

established at the time of the search, the warrant was deficient and the good faith exception

4

did not apply. 2 ER 109-10. The district court discounted the significance of other facts the government argued in support of probable cause and good faith. ER 106-10.

The government appealed the order of suppression, and the case was stayed in district court. After briefing, a panel of this Court issued a memorandum decision on September 5, 2019, following oral argument. It found that even if the April 8 warrant lacked probable cause, the good faith exception made the affiant's reliance on it objectively reasonable. App. 2. Specifically, it found that the affidavit "contained more evidence than the bare inference present in" *Needham*. *Id.* The *Needham* decision, discussed in further detail below, found that evidence of child molestation [based on the purported inference that someone who engages in child molestation is likely to also possess child pornography] does not amount to probable cause to obtain a warrant to search for evidence of child pornography. 718 F.3d at 1194-95. Mr. Cathcart now moves for a panel rehearing or, in the alternative, rehearing *en banc*.

## III. THE COURT SHOULD GRANT A PANEL REHEARING, OR REHEARING *EN BANC* AND AFFIRM THE ORDER OF SUPPRESSION

### A. <u>The Ninth Circuit's Approach to the Good Faith Exception</u>

The "good faith" exception to the exclusionary rule has challenged courts ever since the Supreme Court of the United States first established it in *United States v. Leon*, 468 U.S. 897 (1984). This Court, to be sure, has applied it and has affirmed denials of suppression or reversed orders of suppression in certain cases. But this Court has likewise declined to apply the good faith exception in the course of finding the officers' actions unreasonable. *See, e.g.*, *United States v. Underwood*, 725 F.3d 1076, 1086-87 (9th Cir. 2013) (finding that good faith

5

exception did not apply to bare-bones affidavit in absence of facts to make officer's necessary inferences reasonable, and that facts only supported "innocent conclusions"); *United States v. Grant*, 682 F.3d 827, 836-41 (9th Cir. 2012) (reversing denial of suppression because affidavit established no plausible connection between place searched and murder weapon and "reasonable officer would know that probable cause is not supplied by stating everything one knows about a particular item one would like to find to solve a murder case, if the mass of facts simply does not plausibly connect the place searched to the item sought[2]"); *United States v. Luong*, 470 F.3d 898, 903-04 (9th Cir. 2006) (affirming order of suppression where affidavit relied on unverified tip with "no appreciable indicia of probable cause"); *United States v. Weber*, 923 F.2d 1338, 1346 (9th Cir. 1990) (reversing denial of suppression because government controlled timing of search, which was not a "hurried judgment," and scope of search for child pornography was broader than probable cause in affidavit, which contained expert fat "but no muscle"); *United States v. Hove*, 848 F.2d 137, 139-40 (9th Cir. 1988) (reversing denial of suppression for lack of "colorable showing" of probable cause).

All of these examples, including with respect to child pornography in *Weber*, concern the failure to provide a colorable argument for probable cause, whether or not certain facts are present. "A colorable argument is made when 'thoughtful and competent judges' could

---

[2] Like here, the affiant made several unwarranted deductions about what would likely be found in the defendant's home, but those inferences would only be reasonable if unestablished facts were present, and his "speculation on such a chain of events is undermined by other facts." *Grant*, 682 F.3d at 837.

disagree that probable cause does not exist." *Underwood*, 725 F.3d at 1085 (quoting *Hove*, 848 F.2d at 139). Good faith does not exist where an officer acts in reliance "on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923. The same result should hold here, as filtered through this Court's decision in *Needham*, and other authoritative decisions in other Circuits, particularly as the government bears the burden of demonstrating good faith. *See Underwood*, 725 F.3d at 1085 (citing *United States v. Kow*, 58 F.3d 423, 428 (9th Cir. 1995)).

### B. The Panel's Decision Conflicts with and Misapplies *Needham*

In *Needham*, law enforcement learned that a young child had been molested at a local mall. The child identified the defendant, and his mother described him to the police, who began an investigation. The police learned that the suspect had earlier been arrested for committing lewd or lascivious acts against a minor under the age of 14, and had been charged with sexual abuse of a minor under the age of 14 and possessing obscene matter. The investigating officer applied for a search warrant, citing the evidence of molestation and the prior incident, and her belief that those with an unnatural sexual interest in children are also likely to possess or deal in child pornography. The warrant thus authorized a search of the defendant's residence for not only evidence of molestation (clothing he had been wearing at the time of the alleged incident), but also for child pornography. 718 F.3d at 1191-93.

On appeal, this Court agreed with Needham that the portion of the warrant authorizing a search for child pornography lacked probable cause. The Court found it "clear in this

circuit that such an inference [that those who molest children are likely to possess child pornography], alone, does not establish probable cause to search a suspected child molester's home for child pornography." *Id.* at 1195. *Needham* applied an earlier case dealing with qualified immunity, in which the Court had first held that an officer's belief that child molesters are also likely to possess child pornography does not create probable cause to search for child pornography. *See Dougherty v. City of Covina*, 654 F.3d 892, 895-97 (9th Cir. 2011). Nevertheless, *Needham* applied the good faith exception because at the time of the search, *Dougherty* had not yet been decided. 718 F.3d at 1195. Accordingly, because the law in the Ninth Circuit was not yet clear that the inference in question did not amount to probable cause to search for child pornography, the officers' reliance on the defective warrant was not objectively unreasonable. *See id.*

Judge Berzon, concurring, wrote that in the absence of *Dougherty*'s guidance, the good faith exception would not have applied. *See id.* at 1196-1202. She noted in particular, that "expert testimony cannot support a probable cause determination when it consists merely 'of rambling boilerplate recitations designed to meet all law enforcement needs,' as opposed to targeted expert analysis of the particular case at hand, [and that] when a warrant issues upon the basis of such 'rambling boilerplate,' the *Leon* exception to the exclusionary rule does not apply." *Id.* at 1199 (quoting *Weber*, 923 F.2d at 1345-46).

Here, Brumley obtained the warrant in 2016, well after *Dougherty* and *Needham* clearly established that the inference Brumley draws and on which he relies, was an impermissible one. In that respect, it is unlike *Needham*. Further, in *Needham*, there was at

8

least *some* basis, even if not a strong one, to suspect the defendant's involvement in child pornography because of the earlier charge relating to possessing obscene matter. *Needham*, 718 F.3d at 1192. It suggested some possible connection between the defendant's acts of molestation, sexual interest in minors, and his possession of proscribed images likely related to his illegal sexual conduct. But that sort of connection is absent here. Thus, whatever additional facts exist here that were not present in *Needham* are effectively counterbalanced by the lack of potential connection, other than in the affiant's imagination, to child pornography.

The panel decision excuses Brumley's reliance on the same proscribed nexus as in *Needham* because of additional evidence beyond the bare inference about molesters likely being collectors of child pornography. App. 2. But even ascribing some probative weight to that additional evidence – an assumption that may not be warranted – that still means neither that there was a colorable basis for probable cause or that Brumley's actions were in good faith and in objectively reasonable reliance on the warrant. Put differently, finding more facts than were presented in *Needham* does *not* establish that the affidavit makes out a colorable argument that evidence of child pornography would likely be found in Mr. Cathcart's residence on his computers. The panel decision appeared to reduce the question at issue to the affidavit's similarity to the one at issue in *Needham*. But the critical question is not whether there was more, less or the same amount of evidence as in *Needham*, but whether the warrant affidavit presented a colorable argument for probable cause to search for child pornography. It did not, even if there are facts to distinguish it from the affidavit at issue in

9

*Needham*.  *Needham* does not suggest that an affidavit containing more facts beyond evidence of molestation and the inference to draw from that, will necessarily pass muster for purposes of either probable cause or good faith.

That the affiant here was able to muster other "facts" that purportedly point towards probable cause to search for child pornography does not make the necessary inferences any more reasonable, and nor does it render his reliance on a defective warrant any more objectively reasonable.  The panel decision does not identify what other evidence distinguished the affidavit from *Needham*'s, but it is worth briefly highlighting some of the other facts Brumley included in the affidavit and on which the government relied in its briefing and argument.  For example, that Mr. Cathcart at times took his laptop into the bathroom, had external hard drives labeled "Photos A" and "Photos B," or as a computer network administrator ████████████████████████████████████ suggests neither that he possessed child pornography nor that he was attempting to destroy evidence as to child pornography.

It requires an inferential leap, without actual facts or evidence, to find that such facts in their totality and even combined with evidence of molestation, establish probable cause to believe child pornography would be found in the places to be searched.  In the context of the investigation and the warrant, and against the backdrop of probable cause to search for child pornography, such facts have little meaning and are entitled to little weight.  If they were more meaningful, Brumley would not have needed to include the "nexus" section in the affidavit or employ the speculative, conditional inferences that pepper it.  2 ER 21-23; *see*

*also Needham*, 718 F.3d at 1197 (Berzon, J., concurring) (decrying the "word cloud of vague associations between Needham and various other types of illicit actors"). The "nexus" portion of the warrant affidavit is wholly inconsistent with good faith and reasonableness. Either way, the additional evidence the panel decision cites does not suggest that the officer was acting in objectively reasonable reliance on the warrant that ultimately issued.

Applying the good faith exception in these circumstances would create a perverse incentive for law enforcement to include *some* facts in the affidavit, no matter how irrelevant or inconsequential they are, and even knowing that they are not probative and do not create probable cause, simply in order to get over the hump of plausible good faith. But such actions amount to a triumph of form over substance, are not reasonable and do not demonstrate good faith. Manufacturing probable cause from a dubious series of inferences and a strained, conditional, syllogistic nexus section [2 ER 21-23] hardly leaves an officer with "reasonable grounds for believing the warrant was properly issued." *Leon*, 468 U.S. at 922-23.

## C. The Panel Decision Conflicts with Decisions of Other Courts of Appeal as to Warrant Affidavits Containing Similar or Less Evidence of Child Pornography

Additionally, and even if the panel decision did not conflict with *Needham* and other Ninth Circuit cases applying the good faith exception, it would still be in tension with authoritative decisions of at least three other federal courts of appeal, which have declined to apply the good faith exception in similar circumstances. The question is one of exceptional importance because it concerns national uniformity in how fundamental fourth amendment questions are resolved in a fact pattern that seems to arise with consistency and regularity.

11

First, in *United States v. Hodson*, 543 F.3d 286, 292-93 (6th Cir. 2008), the defendant was suspected of child molestation after engaging in an online chat forum, and in sexually explicit discussions with someone he believed to be a 12 year-old boy. In the chats, the defendant referred to his sexual interest in young boys, and claimed to have had sexual relations with his seven year-old nephew. 543 F.3d at 287. He "also expressed his desire to perform oral sex on the presumptive twelve-year-old boy (i.e., Detective Passano) and his willingness to travel to New Jersey to do so." *Id.* After tracing the activity to the defendant and obtaining a warrant to search his home and computers for evidence relating to child pornography, the Sixth Circuit reversed the district court's denial of suppression on good faith grounds. *See id.* at 289-93. It found that, objectively speaking, it was unreasonable for an officer to believe there was probable cause to search for child pornography, despite the nexus between child molestation, the defendant's sexual interest in young boys, and his use of the computer to further that interest. *See id.* That is, even with evidence that the defendant used the computer and the internet in connection with child molestation, the affidavit was still too bare-bones to justify reasonable reliance on it, and the good faith exception did not apply. *See id.*

The Fourth Circuit reached a similar result in *United States v. Doyle*, 650 F.3d 460, 475-76 (4th Cir. 2011), also reversing the lower court's denial of a suppression motion on good faith grounds. The evidence there was that the defendant has sexually abused three children in his home, and had shown at least one of them pictures of nude children at some point during the assaults. *Id.* at 464. On that basis, law enforcement obtained and executed a

warrant authorizing a search for evidence of child pornography. The Court was troubled, however, because of "remarkably scant evidence in the affidavit (or Rouse's investigation summary) to support a belief that Doyle in fact possessed child pornography." *Id.* at 472. Officers could not have reasonably relied on the warrant where there was little to show that the purported nude pictures actually constituted child pornography, and scant evidence as to the timing of the defendant's possession of them, or when or if he actually possessed child pornography. *See id*. Without such a colorable argument, the good faith exception was inapplicable.

Third, in *Virgin Islands v. John*, 654 F.3d 412, 418-22 (3d Cir. 2011), the Third Circuit rejected the government's argument that the good faith exception applied to save a similarly defective warrant. It found that "the catalogue of the affidavit's 'indicia of probable cause' with respect to child pornography is completely empty." *Id.* at 418. Allegations of molestation, and assertions that evidence thereof was likely to be found at the defendant's home, "are not sufficient to establish — or even to hint at — probable cause as to the wholly separate crime of possessing child pornography." *Id.* at 419. As the Third Circuit explained, and as is relevant here, "applying *Leon* in cases like the one at bar would risk encouraging police to seek permission to search for evidence of crimes unrelated to any known facts, based upon nothing more than unstated and unsupported hunches. It would reward law enforcement for grounding warrant applications in unexamined biases and stereotypes rather than in conscientious assessment of the facts and circumstances uncovered by the

investigation. *Leon* and its progeny were never intended to ratify such unjustified intrusions into the privacy safeguarded by the Fourth Amendment." *Id.* at 421.

The *John* case may lack the additional facts in *Hudson* and *Doyle*, but the Third Circuit's approach still puts it at odds with the panel decision here. Further, as Judge Berzon put it in her concurrence in *Needham*,

> If it was unreasonable for officers to rely on the warrant in *Doyle*, where there was at least some evidence in the affidavit that the defendant had possessed nude pictures—albeit no evidence as to whether the pictures were pornographic, or when they were possessed—and in *Hodson*—where there was at least some evidence in the affidavit that the defendant had used a computer for sexual contact with a minor—then surely it was unreasonable for the officers to rely on the warrant in this case. Here, the affidavit did not include even the stray mention of nude pictures that was deemed insufficient in *Doyle*, or the evidence of computer use that was deemed insufficient in *Hodson*."

718 F.3d at 1200-01 (Berzon, J., concurring). The affidavit here similarly lacked references to the sort of facts that, even when they were present, precluded reasonable reliance on the warrant. Brumley's inclusion of additional facts should not change the result, since those facts, either individually or in their totality, do not make probable cause any more likely, or his belief in the validity of the warrant any less unreasonable.

## **CONCLUSION**

For the foregoing reasons, the panel decision should be recalled, and the panel should issue a new opinion affirming the district court's order of suppression. Alternatively, the *en banc* Court should grant rehearing and issue an opinion rejecting application of the good faith exception and affirming the order of suppression.

14

Dated: September 26, 2019

Respectfully Submitted,

S/Jeremy B. Sporn
Jeremy B. Sporn, NY 4779310
Federal Defenders of
Eastern Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
Attorneys for Appellee

## CERTIFICATE OF SERVICE

I, Jeremy B. Sporn, a member of the Bar of this Court, hereby certify that on September 26, 2019, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate NextGen CM/ECF system.     I certify that all participants in the case are registered NextGen CM/ECF users and that service will be accomplished by the appellate NextGen CM/ECF system to:

David M. Lieberman

Meghan McCalla

*/s/ Jeremy B. Sporn*
Jeremy B. Sporn

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
**Form 11. Certificate of Compliance for Petitions for Rehearing or Answers**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form11instructions.pdf

**9th Cir. Case Number(s)** | 18-30163

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for

panel rehearing/petition for rehearing en banc/answer to petition is (*select one*):

⦿ Prepared in a format, typeface, and type style that complies with Fed. R. App.
P. 32(a)(4)-(6) and **contains the following number of words**: | 3,975 |.

*(Petitions and answers must not exceed 4,200 words)*

**OR**

○ In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | s/Jeremy B. Sporn | **Date** | Sep 26, 2019

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 11        17        *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** | 18-30163

The undersigned attorney or self-represented party states the following:

(•) I am unaware of any related cases currently pending in this court.

( ) I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

( ) I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** | s/Jeremy B. Sporn          **Date** | Sep 26, 2019

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 17**      18      *New 12/01/2018*

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-30163 |
| Plaintiff-Appellant, | D.C. No.<br>1:16-cr-02044-SAB-1 |
| v. | |
| JASON WILLIAM CATHCART, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted August 26, 2019
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

The United States appeals the district court's grant of Jason Cathcart's

motion to suppress evidence of child pornography found pursuant to a search

warrant. The district court concluded the warrant was not supported by probable

cause and the good faith exception did not apply. Because the parties are familiar

with the facts, we will not recite them here. We have jurisdiction under 28 U.S.C.

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1291, and we reverse.

We need not reach the question of probable cause in this case. Even if the warrant lacked probable cause, the good faith exception to the Fourth Amendment's exclusionary rule applies. *United States v. Elmore*, 917 F.3d 1068, 1076 (9th Cir. 2019) (holding that the good faith exception to the exclusionary rule is especially likely to be applicable "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope" (quoting *United States v. Leon*, 468 U.S. 897, 920 (1984))). The affidavit supporting the warrant at issue here contained more evidence than the bare inference present in *United States v. Needham*, 718 F.3d 1190, 1194-95 (9th Cir. 2013). Because a reasonable law enforcement officer acting in good faith could conclude there was probable cause to search Cathcart's devices, we reverse the district court's order granting Cathcart's motion to suppress.

**REVERSED**.